IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY JOHNSON,

    **Plaintiff,**

    vs.

CAROLYN W. COLVIN,
*Acting Commissioner of Social Security*,[1]

    **Defendant.**        No. 12-cv-644-DRH-CJP

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is the parties' joint stipulation for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. 27). Plaintiff and defendant, through their respective counsel, stipulate to an award of attorney fees and expenses in the amount of $4,300.00 under the EAJA. The parties state that this award will fully satisfy any and all of plaintiff's claims for fees, expenses and costs under 28 U.S.C. § 2412, that may be payable for counsel's work before the district court in this case. Any fees paid belong to plaintiff and not his attorney and can be offset to satisfy pre-existing debt, if any, that the plaintiff owes the United States under *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). On the basis of the parties' assertions, their motion is **GRANTED** (Doc. 27). Thus, the Court awards plaintiff attorney's fees and costs in the amount of

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

$4,300.00, in settlement of any and all claims he may have in the matter, pursuant to the EAJA.

Further, once this Order is entered, if counsel for the defendant can verify that plaintiff owes no pre-existing debt subject to offset, the defendant will direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment duly signed by plaintiff and counsel. If plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to plaintiff and mailed to the business address of plaintiff's attorney.

Finally, in light of this Order, plaintiff's previous motion for attorney's fees is **DENIED as MOOT** (Doc. 26).

**IT IS SO ORDERED.**

Signed this 19th day of April, 2013.

David R. Herndon
2013.04.19
14:48:29 -05'00'

**Chief Judge
United States District Court**